**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV004980**
**8/20/2021 11:55 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOHN HARRIS and CAROLYN HARRIS,   ) | |
|        ) | |
|     Plaintiffs,      ) | CIVIL ACTION FILE |
|        ) | NO. _____ |
| v.        ) | |
|        ) | |
| CENTRAL TRANSPORT LLC, DEVIN   ) | |
| JONES, and CHEROKEE INSURANCE   ) | |
| COMPANY,      ) | |
|        ) | |
|     Defendants.     ) | |

## **COMPLAINT**

COME NOW Plaintiffs in the above-styled action and hereby file their Complaint as follows:

1.

Defendant Central Transport LLC (hereinafter referred to as "Defendant(s)" or "Central Transport") is a foreign limited liability company authorized to transact business in the State of Georgia. Defendant Central Transport may be served through its registered agent: Cogency Global Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

2.

Jurisdiction and venue are proper as to Defendant Central Transport.

3.

Defendant Central Transport has been properly served with process in this action.

4.

Defendant Devin Jones (hereinafter referred to as "Defendant" or "Jones") is a resident of the State of Florida and may be served at his personal residence located at 7435 Sugar Brook Place, Wesley Chapel, FL 33545.

5.

Jurisdiction and venue are proper as to Defendant Jones.

6.

Defendant Jones has been properly served with process in this action

7.

At the time of the subject collision, Cherokee Insurance Company (hereinafter referred to as "Defendant(s)" or "Cherokee") provided a policy of liability insurance to motor common carrier for hire Defendants Central Transport LLC and Devin Jones.  Said policy was in effect on March 5, 2021 and provides coverage for the subject incident.

8.

Defendant Cherokee is a corporation authorized to transact business in the State of Georgia and is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-2-140. Service may be made upon Defendant Cherokee via its agent at 34200 Mound Road, Sterling Heights, Michigan 48310.

9.

Jurisdiction and venue are proper as to Defendant Cherokee.

10.

Defendant Cherokee has been properly served with process in this action.

11.

Venue is proper in the State Court of Fulton County, Georgia as Defendant Central Transport LLC operates business in Georgia and their registered agent is in Fulton County, Georgia.  Accordingly, venue and jurisdiction are proper in this Court.

12.

On or about March 5, 2021, at approximately 5:41 a.m., Plaintiff John Harris was driving a 2018 Freightliner Columbia tractor trailer eastbound on Interstate 20 in Douglas County, Georgia.  Mr. Harris was traveling properly in his lane and was operating his vehicle in a safe and prudent manner when traffic began to slow.  Mr. Harris slowed to a safe and appropriate speed and had come to a complete stop when he was struck in the rear by a tractor-trailer driven by Defendant Jones, operated for and at the direction of Defendant Central Transport.  Defendant Jones was negligent in failing to stop in time, striking the rear of John Harris's vehicle, causing significant impact, injuries, and property damage.  Upon information and belief, and as indicated in the police report for the subject incident, Defendant Jones had fallen asleep immediately prior to the subject wreck.

13.

As a direct and proximate result of Defendants' negligence, Plaintiff John Harris sustained severe and ongoing physical, mental, and emotional injuries, and has experienced continuing pain and suffering.  Defendants' acts were a cause-in-fact and a proximate cause of such injuries, pain, and suffering to Plaintiff.  Defendants are jointly and severally liable for the acts and claims set forth herein.

14.

At all times mentioned herein, Plaintiff John Harris acted with reasonable care under the conditions and circumstances then existing and was completely free of any negligence with regard to the incident at issue.

15.

Defendant Jones's negligence included, but is not limited to, one or more of the

following:

    a)  Negligently following too closely (O.C.G.A. § 40-6-49);

    b)  Negligently traveling at an excessive speed under the circumstances (O.C.G.A. § 40-6-180);

    c)  Negligently failing to exercise due care (O.C.G.A. § 40-6-241);

    d)  Negligently failing to keep a proper lookout;

    e)  Negligently failing to maintain the vehicle under proper control;

    f)  Negligently failing to see and avoid roadway conditions;

    g)  Negligently failing to brake appropriately;

    h)  Negligently failing to use or sound a signal or warning;

    i)  Negligently operating the vehicle in an impaired state due to exhaustion or fatigue; and

    j)  Any other negligent acts or omissions that may be proven at trial.

16.

At the time of the collision at issue, Defendant Jones was acting at the direction and under the control of Defendant Central Transport and was an employee and/or agent of Defendant Central Transport, acting at all times within the course and scope of his agency and/or employment with Defendant Central Transport. Defendants are therefore jointly and severally liable and Defendant Central Transport is liable for the actions of Defendant Jones under theories of *Respondeat Superior*, vicarious liability, and principles of agency.

17.

At the time of the collision at issue, Defendant Jones, at the direction and under the control of Defendant Central Transport, was driving the vehicle under Central Transport's

United States Department of Transportation ("U.S. DOT") authority number (U.S. DOT No.

661173). Defendant Central Transport is therefore the legal employer of Defendant Jones and is

responsible for the acts and omissions of Defendant Jones.

18.

Defendant Jones failed to operate the vehicle with the due care exercised by individuals

in like or similar circumstances and operated the vehicle in a manner showing a disregard for the

safety of others, including Plaintiff John Harris.

19.

Defendants' actions constituted negligence in operating the vehicle contrary to the

reasonable and safe conditions and circumstances then existing.

20.

Defendants' actions constituted negligence by engaging in a driving manner which was

ill-timed and improper, causing danger, injuries, damages, losses, physical pain, and emotional

distress to Plaintiff John Harris.

21.

Defendants were negligent in failing to adhere to routine and common industry standards

regarding operation of the truck at issue, including negligently failing to take appropriate

precautionary measures and procedures to prevent injuries to others, including Plaintiff John

Harris.

22.

Defendant Central Transport negligently hired, supervised, trained and retained

Defendant Jones and negligently entrusted the operation of the vehicle at issue to Defendant

Jones.  Defendant Central Transport negligently failed to implement and utilize proper

procedures to evaluate Defendant Jones's skills and expertise for the operation of said vehicle.

23.

Because Defendant Central Transport had knowledge of, or in the exercise of reasonable care should have had knowledge of, the negligence discussed herein and the dangerous condition(s) created by their actions, Defendant Central Transport is liable for the negligent supervision, hiring, training, and retention of their management, agents and employees, to include Defendant Jones, and the entrustment of said vehicle to said management, agents and employees, to include Defendant Jones.

24.

Defendants were negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff John Harris.

25.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor common carrier regulations, and all applicable Federal motor carrier regulations.

26.

Defendants' negligence and violation of State and Federal motor vehicle laws and regulations constituted negligence per *se* and as a matter of law.

27.

Defendants are negligent for all other acts of negligence as may be shown at trial.

28.

The injuries sustained by Plaintiff John Harris were the direct and proximate result of the

negligence of the Defendants.  But for said negligence, John Harris would not have suffered serious injuries, physical pain, mental and psychological suffering, and other injuries to be proven at the trial of this matter.

29.

As a proximate and foreseeable result of the negligence of Defendants, Plaintiff John Harris has incurred reasonable, necessary, and substantial medical expenses in an amount which will be proven at the time of trial, and will continue to incur said expenses as future medical care is needed.

30.

As a result of Defendants' negligence, Plaintiff has incurred lost wages and diminished capacity to labor in an amount to be proven at trial.

31.

Plaintiff Carolyn Harris is the lawful wife of John Harris and has suffered a loss of consortium, companionship, and services of John Harris and is entitled to recover for such damages in an amount to be proven at trial.

32.

Plaintiffs are entitled to bring each and every claim permissible under Georgia law for their injuries suffered in the incident at issue, and to recover for all special damages, economic losses,  medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, general and punitive damages permissible under Georgia law.  Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a)      Personal injuries;

b)      Past, present, and future pain and suffering;

c)      Past, present, and future lost wages and economic damages;

d)      Past, present, and future medical expenses, likely exceeding $225,000.00;

e)      Disability;

f)      Disfigurement;

g)      Mental anguish;

h)      Lost ability to labor;

i)      Loss of the capacity for the enjoyment of life;

j)      Incidental expenses;

k)      Permanent injuries;

l)      Loss of consortium; and

m)      Consequential damages to be proven at trial.

33.

The injuries suffered by Plaintiff John Harris as described herein are continuing and permanent in nature.

34.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above-stated acts were the proximate causes of the injuries to Plaintiff John Harris.  Defendants are jointly and severally liable for the injuries to John Harris and all damages recoverable under Georgia law.

35.

In accordance with the terms and conditions of its policies of insurance, Defendant Central Transport's legal status as a motor carrier for hire at the time of the subject collision

proximately caused by their employee and/or agent Defendant Jones,  and applicable Georgia laws, Defendant Cherokee is liable to Plaintiffs and responsible for payment of damages incurred by Plaintiffs as a result of the negligent acts of Defendants Central Transport and Jones pursuant to Georgia Direct Action Statutes.

36.

Plaintiffs are entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and their agents were willful and wanton and showed an entire want of care, which would raise the presumption of a conscious indifference to consequences. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendants in accordance with the enlightened conscience of an impartial jury pursuant to O.C.G.A. § 51-12-5.1.

37.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense.  Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-11-68(e) and O.C.G.A. § 9-15-14, as well as any other statutory or common law basis.

WHEREFORE, the Plaintiffs pray for a judgment to be awarded to them and against the Defendants for the following:

1)    Process issue as provided by law;

2)    Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

3)    Plaintiffs be awarded all general, special, compensatory, economic, punitive and other allowable damages in accordance with the enlightened conscience of an

impartial jury from the Defendants;

4)     Plaintiffs be awarded a trial by a jury of twelve persons; and

5)     Plaintiffs have such other relief as this Court deems just and appropriate under the

circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 20th day of August, 2021.

Respectfully submitted,

**LAW & MORAN**


/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Elizabeth A. Rose
Georgia Bar No. 940275
Attorneys for Plaintiffs

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700